UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER M. SCALES,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY A. UTTECHT,<br><br>Respondent. | CASE NO. 12-5082 RJB/JRC<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge J. Richard Creatura. Dkt. 21. The Court has considered the Report and Recommendation, objections, and the remaining record.

Petitioner brings this habeas corpus action under 28 U.S.C. § 2254, challenging his 2007 state court conviction for unlawful delivery of a controlled substance within 1,000 feet of a school. Dkt. 6. Petitioner's sole basis for habeas relief is that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated when counsel failed to appear during his trial. *Id.*

ORDER ON REPORT AND
RECOMMENDATION- 1

The facts and procedural history are in the Report and Recommendation (Dkt. 21, at 1-8), and are adopted here by reference. The Report and Recommendation recommends dismissal of the petition because Petitioner failed to present evidence showing that he did not unequivocally request to represent himself and failed to present evidence that his waiver of his right to counsel was not made knowingly and intelligently. Dkt. 21. It further finds that Petitioner's motion for an evidentiary hearing, in order to supplement the record, should be denied pursuant to *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398 (2011). *Id.* Lastly, the Report and Recommendation recommends issuance of a certificate of appealability. *Id.*

In his objections, Petitioner argued that the Report and Recommendation should not be adopted because the decision on his claim was made without the entire state court record. Dkt. 22. Petitioner asserts that he requested, pursuant to "Rule 5," that this court order the state to furnish portions of the existing transcripts which are relevant to his claim, and no action was taken on his request. *Id.* (*citing* Dkt. 19). Petitioner then goes on to argue the merits of his claim. Dkt. 22. He argues that:

> Both the magistrate and respondent appears [sic] to concede that petitioner [sic] counsel did fail to appear at trial, however, whether Mr. Scales waived his right to counsel and invoked his Sixth Amendment right to self representation misses the point. The test for ineffective assistance of counsel at a critical stage is whether by his counsel failing to show up at trial the deprivation of his Sixth Amendment right to effective assistance of counsel occurred.

Dkt. 22, at 3. Petitioner further argues that unlike certain cases where waiver of the right to counsel was made at the outset, in this case, counsel was requested and appointed. Dkt. 22, at 4. He asserts that the Report and Recommendation relies on an incorrect portion of the state court record to support the contention that he waived his right to assistance of counsel. *Id.,* at 5. He argues that the missing transcripts will "undoubtly [sic] refute this contention." *Id.* Petitioner also argues that a certificate of appealability should issue. *Id.*

### SUPPLEMENTING THE RECORD/EVIDENTIARY HEARING

The Report and Recommendation should be adopted and Petitioner's motion to supplement the record through Fed. R. P. for Habeas Corpus 5(c) "Rule 5(c)"(to the extent that he makes one) or under 28 U.S.C. § 2254(e)(2) should be denied.

Petitioner does not dispute that he seeks review of his state court judgment and sentence under § 2254(d)(1). As stated in the Report and Recommendation, recent Supreme Court precedent holds that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Dkt. 21 (*citing Pinholster*, at 1398). Although under Rule 5(c), this Court "may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished," it is bound, in this instant, by the holding in *Pinholster*.

### RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

The Report and Recommendation (Dkt. 21) should be adopted and the petition dismissed. Petitioner failed to show that the state courts made a determination on his claim that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), based on the record before them. Petitioner's remaining arguments as to the merits of his claim are unavailing.

### CERTIFICATE OF APPEALABILITY

The Report and Recommendation's recommendation that a certificate of appealability should issue should also be adopted.

**ORDER**

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 21) is **ADOPTED**;
    - Petitioner's motion to supplement the record through Fed. R. P. for Habeas Corpus 5(c) (to the extent that he makes one) or for an evidentiary hearing under 28 U.S.C. § 2254(e)(2) **IS DENIED**;
    - This petition **IS DISMISSED**;
- A Certificate of Appealability **IS GRANTED**.

The Clerk is directed to send uncertified copies of this Order to Judge J. Richard Creatura, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of October, 2012.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge